**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

DANISHA WARREN,

      Plaintiff,

          v.                                                     CASE NO. 1:25-CV-419-HAB-ALT

FORT WAYNE CITY OF, et al.,

      Defendants.

## OPINION AND ORDER

Plaintiff Danisha Warren ("Plaintiff"), acting as Personal Representative of the Estate of DaChe'na Warren-Hill ("Warren-Hill"), is suing the City of Fort Wayne, Former Chief of Police Steve Reed ("Chief Reed") in his official capacity, Fort Wayne Police Officer Mark A. Guzman ("Officer Guzman") in his official capacity, and Cedric Griffin[1] ("Griffin") (collectively "Defendants"). Warren's three-count complaint accuses Officer Guzman of unreasonable seizure and excessive force in violation of 42 U.S.C. § 1983; the City of Fort Wayne and Chief Reed of failure to train or supervise in violation of 42 U.S.C. § 1983; and all Defendants of assault, battery, and wrongful death under Indiana state law.

Defendants have filed a motion to dismiss some of Plaintiff's claims. (ECF 6). They argue all claims against Chief Reed should be dismissed because the City of Fort Wayne is the only proper defendant for Plaintiff's failure to train or supervise claim. Defendants also contend that the Indiana Tort Claims Act ("ITCA") grants Officer Guzman immunity from Plaintiff's wrongful death claim. The motion is fully briefed and ripe for ruling. (ECF 6, 7, 11, 12, 13).

---

[1] The complaint also seems to refer to Griffin as "Cedric Brown" in its factual allegations. (ECF 1). The Court will refer to him as "Griffin" because that is how he was named and served as a defendant in this case.

Because Plaintiff now concedes that the claims against Chief Reed should be dismissed, Defendants' motion will be GRANTED IN PART. But since Plaintiff's complaint pleads sufficient facts at this stage to show Officer Guzman is not immune from the wrongful death claim, it will also be DENIED IN PART.

## FACTUAL BACKGROUND

The following well-pleaded facts are alleged in Plaintiff's complaint: On November 19, 2023, Griffin assaulted Warren-Hill, striking her repeatedly. (ECF 1, ¶¶ 16–17). This occurred at a Fort Wayne residence where the Fort Wayne Police Department had previously been dispatched multiple times to investigate domestic disturbances. (*Id.* ¶ 19). On this occasion, Officer Guzman was dispatched to the residence. (*Id.* ¶¶ 20–21).

When Officer Guzman arrived, Warren-Hill was in a vehicle attempting to flee from the attack. (*Id.* ¶¶ 18, 22). Warren-Hill did not pose a threat to Officer Guzman or anyone else when she was driving away in the vehicle. (*Id.*). Nor did Officer Guzman have probable cause to believe such a threat existed. (*Id.* ¶ 27). But despite the lack of threat, Officer Guzman shot into the vehicle, killing Warren-Hill. (*Id.* ¶¶ 24–25). His shooting of Warren-Hill was done willfully, wantonly, and maliciously. (*Id.* ¶ 59). He did not attempt any less lethal use of force or issue any warning that deadly force might be used. (*Id.* ¶¶ 24, 30, 31).

## LEGAL STANDARD

When the Court reviews a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n. 1 (2002). The facts must also be viewed in the light most favorable to the plaintiff. *In re HealthCare Compare Corp. Sec. Litig.,* 75 F.3d 276, 279 (7th Cir. 1996).

To survive a motion to dismiss, a plaintiff's complaint must state a claim for which the Court could grant relief. Fed. R. Civ. P. 12(b)(6). The factual allegations in the complaint must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). They also need to be facially plausible. *Id.* To be facially plausible, the complaint must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## DISCUSSION

Plaintiff has conceded that the claims against Chief Reed should be dismissed,[2] so the motion to dismiss will be granted in that respect. The leaves only the question of whether the wrongful death claim against Officer Guzman should also be dismissed.

Indiana Code § 34-23-1-1 allows the personal representative of a deceased individual to sue anyone who causes that individual's death through a wrongful act or omission. Plaintiff's well-pleaded facts support an allegation that Officer Guzman's conduct wrongfully caused Warren-Hill's death.

But the ITCA, which governs tort claims against Indiana state entities, "limits when a plaintiff may sue a government employee personally." *Wilson v. Isaacs*, 917 N.E.2d 1251, 1257 (Ind. Ct. App. 2009) (citing *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)), *summarily aff'd in relevant part*, 929 N.E.2d 200, 204. The ITCA bars lawsuits against government employees

---

[2] Plaintiff did so in response to the motion to dismiss because the official capacity claims against him are "another way of pleading an action against an entity of which an officer is an agent." (ECF 12, at 6–7) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Put differently, the proper defendant for the claims against Chief Reed is the City of Fort Wayne, and the city is already a defendant contesting those same claims.

personally if they allege "that an employee acted within the scope of [their] employment." Ind. Code § 34-13-3-5(b). An employee's actions may fall within the scope of their employment "if his purpose was, to an appreciable extent, to further his employer's business." *Stropes by Taylor v. Heritage House Childrens Ctr. of Shelbyville, Inc.*, 547 N.E.2d 244, 247 (Ind. 1989). "Even willful or wanton behavior does not necessarily remove one from the scope of his employment." *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993). For an employee's act to fall outside the scope of their employment, it must occur "within an independent course of conduct not intended by the employee to serve any purpose of the employer.'" *Knighten v. E. Chicago Hous. Auth.*, 45 N.E.3d 788, 792 (Ind. 2015).

Defendants argue that Officer Guzman acted within the scope of his employment and is thus immune from Plaintiff's wrongful death claim under the ITCA. Plaintiff's complaint *does not* allege that Officer Guzman acted outside the scope of his employment. But she insists that the complaint still includes sufficient facts to support that contention. Plaintiff also argues that her allegations of willful and wanton misconduct by Officer Guzman still defeat his claim for immunity at this stage even if he was acting within the scope of his employment.

Even when viewing the complaint in the light most favorable to the Plaintiff, Officer Guzman clearly acted within the scope of his employment. He was a law enforcement officer responding to a violent encounter. The use of force, even deadly force, "incidental to arrest is a recognized and accepted tool of policing." *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1095 (7th Cir. 1990). While Plaintiff's complaint alleges willful, malicious, and wanton conduct, it does not allege that Officer Guzman exceeded the scope of his employment. Even if Officer Guzman's shooting was improper, it was a method "of carrying out the objects of his employment." *Id.* Nothing in Plaintiff's complaint suggests otherwise.

4

But acting within the scope of his employment does not guarantee Officer Guzman immunity. The subsection of the ITCA the Court just addressed flatly bars lawsuits against government employees personally if they act within the scope of their employment. Ind. Code § 34-13-3-5(b) ("Subsection B"). But the very next subsection requires that any "lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c) ("Subsection C"). It also requires that the complaint contain "a reasonable factual basis supporting the allegations." *Id.*

Courts attempting to marry these seemingly conflicting subsections have disagreed over "whether the factors in Subsection C serve as an exception to the scope of employment immunity granted in Subsection B, or if they delineate an additional [pleading] requirement for plaintiffs." *Flores v. City of S. Bend*, No. 2:19-CV-64-PPS, 2026 WL 806790, at *14 (N.D. Ind. Mar. 23, 2026).[3] But in 2020, the Indiana Supreme Court settled this ambiguity. That court wrote that Subsection C, in addition to authorizing claims against employees who act outside the scope of their employment, "also authorizes a lawsuit to be filed against an employee personally if the plaintiff alleges the employee's act or omission is criminal, malicious, willful and wanton, or calculated to benefit the employee personally." *Burton v. Brenner*, 140 N.E.3d 848, 852 n. 3 (Ind. 2020). Thus, so long as Plaintiff sufficiently pleads that Officer Guzman's actions fell within one or more of the five categories in Subsection C, her wrongful death claim can proceed even though Officer Guzman acted within the scope of his employment.

---

[3] *See id.* for a detailed history of the origin of this fracture and examples of cases on each side of this issue.

Plaintiff has pleaded as much. Her complaint specifically alleges that Officer Guzman's shooting of Warren-Hill was willful, wanton, and malicious. (ECF 1, ¶ 59). The facts Plaintiff offers—portraying the shooting of a victim fleeing domestic violence with no reason to believe she posed a threat—support such allegations. At the motion to dismiss stage, this is enough to overcome Officer Guzman's claim for immunity under the ITCA. Thus, Plaintiff's wrongful death claim can proceed.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF 6) is GRANTED IN PART as to the claims against Chief Reed and DENIED IN PART as to the wrongful death claim against Officer Guzman. Plaintiff's claims against Chief Reed are DISMISSED WITH PREJUDICE.

**SO ORDERED** on May 5, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT